**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

DANIEL C. KANDAS, Administrator
of the Estate of TATE DANIEL KANDAS,

Plaintiff,

v. CIVIL ACTION NO. 2:12-cv-02040

LUKE STILLWELL, D.O.,

Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is the defendant Luke Stillwell, D.O.'s Motion to Dismiss and Strike Complaint [Docket 4]. The Court finds that it does not have personal jurisdiction over the defendant and **GRANTS** the Motion.

## I. Background

Only the factual and procedural background relevant to the granting of the Motion is discussed herein. This case arises out of the death of Tate Daniel Kandas on October 18, 2011, due to a brain tumor. Tate and his family were and are, at all relevant times, residents of Bluefield, West Virginia.

On July 10, 2011, Tate was examined by the defendant in Virginia to determine the cause of Tate's left eye turning in towards his nose. The defendant was not licensed to practice optometry in West Virginia, and was working with George Gillespie, O.D. at 4001 College Avenue, Bluefield, Virginia. Following the examination, the defendant prescribed glasses, which

were provided by Bishop Optical Co. in Bluefield, West Virginia. The defendant later re-examined Tate, again in Virginia, and a follow-up was scheduled; unfortunately, Tate passed away before the follow-up examination could be done.

On March 30, 2012, the plaintiff, Daniel Kandas, served a Notice of Claim and Screening Certificate of Merit on the defendant via certified mail. On May 9, 2012, the plaintiff filed this action in the Circuit Court of Kanawha County, and the defendant subsequently removed this action to this Court.

## II. Motion to Dismiss for Lack of Personal Jurisdiction Pursuant to FED. R. CIV. P. 12(b)(2)

The defendant has moved to dismiss the plaintiff's Complaint for lack of personal jurisdiction pursuant to FED. R. CIV. P. 12(b)(2).[1] The defendant asserts that the plaintiff's claims arise from treatment provided only in Virginia and that the defendant has never conducted nor directed any relevant activity in West Virginia. The plaintiff first argues that because Tate resided in West Virginia and the defendant provided care to Tate "just over the state line" in Virginia, such care satisfies personal jurisdiction in West Virginia. [Docket 8, at 4-5.] The plaintiff further asserts that the defendant engages in, solicits, and/or derives revenue from business activities in West Virginia. In support, the plaintiff offers evidence that the defendant and George Gillespie, O.D. are both listed in the local phone book, available to both West Virginia and Virginia residents, and argues that they therefore solicit business in West Virginia. Moreover, the plaintiff alleges that the office "routinely see[s] and accept[s] patients who are residents of West Virginia." [*Id.* at 5.] Finally, the plaintiff argues that evidence of the

[1] The defendant's Motion to Dismiss and Strike Complaint also presents alternate grounds for dismissal: improper venue, improper service, and failure to state a claim upon which relief may be granted. As noted previously, this Court finds that it has no personal jurisdiction over the defendant, and therefore does not reach the other grounds for dismissal.

defendant's business transactions with West Virginia is shown by the fact that the defendant "sent letters and/or bills to . . . Mr. Kandas and his family," and that Tate's eyeglass prescription was fulfilled by a business located in West Virginia. [*Id.* at 6.]

**A. Legal Standard**

"When a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff ultimately bears the burden of proving to the district court judge the existence of jurisdiction over the defendant by a preponderance of the evidence." *New Wellington Fin. Corp. v. Flagship Resort Dev. Corp*, 416 F.3d 290, 294 (4th Cir. 2005). When the court addresses the jurisdictional question "on the basis only of motion papers, supporting legal memoranda and the relevant allegations of a complaint, the burden on the plaintiff is simply to make a prima facie showing of a sufficient jurisdictional basis to survive the jurisdictional challenge." *Id.*; *see also Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989). "Under such circumstances, courts 'must construe all relevant pleading allegations in the light most favorable to the plaintiff, assume credibility, and draw the most favorable inferences for the existence of jurisdiction.'" *New Wellington*, 416 F.3d at 294 (quoting *Combs*, 886 F.2d at 676).

For a district court to validly assert personal jurisdiction over a non-resident defendant, two conditions must be satisfied. *Mylan Labs., Inc. v. Akzo, N.V.*, 2 F.3d 56, 59-60 (4th Cir. 1993). First, a state long-arm jurisdiction statute must authorize jurisdiction over the non-resident defendant. Second, the court's exercise of personal jurisdiction over the non-resident defendant must "comport with the Due Process Clause." *In re Celotex Corp.*, 124 F.3d 619, 627 (4th Cir. 1997). "Because the West Virginia long-arm statute is coextensive with the full reach of due process, it is unnecessary in this case to go through the normal two-step formula for determining

the existence of personal jurisdiction. *Id.* at 627-28 (internal citations omitted). Consequently, the statutory inquiry merges with the Constitutional inquiry, and the two inquires essentially become one. *See id*. Accordingly, the court's inquiry centers on whether exercising personal jurisdiction over the defendants is consistent with the Due Process Clause.

"A court's exercise of personal jurisdiction over a non-resident defendant is consistent with the Due Process Clause if the defendant has sufficient 'minimum contacts' with the forum such that requiring the defendant to defend its interests in the forum does not 'offend traditional notions of fair play and substantial justice.'" *In re Celotex*, 124 F.3d at 628 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). The Fourth Circuit has applied a three-part test to determine whether specific jurisdiction exists: "(1) the extent to which the defendant purposefully availed itself of the privilege of conducting activities in the State; (2) whether the plaintiff's claims arise out of those activities directed at the State; and (3) whether the exercise of personal jurisdiction would be constitutionally reasonable." *Mitrano v. Hawes*, 377 F.3d 402, 407 (4th Cir. 2004) (quoting *ALS Scan, Inc. v. Digital Serv. Consultants, Inc.*, 293 F.3d 707, 713 (4th Cir. 2002)). The "touchstone" of the specific jurisdiction analysis is whether the defendant "engaged in some activity purposefully directed toward the forum state." *In re Celotex*, 124 F.3d at 628 (internal quotations omitted).

**B. Analysis**

Although the Court's inquiry centers on the Constitutional question, the plaintiff focuses his argument on West Virginia Code § 56-3-33(a)(4). Under § 56-3-33(a)(4), a court in West Virginia would have personal jurisdiction over the defendant if he:

> Caus[es] tortious injury in this State by an act or omission outside this State *if* he or she regularly does or solicits business, or engages in any other persistent course

> of conduct, or derives substantial revenue from goods used or consumed or services rendered *in this State*.

W. Va. Code § 56-3-33(a)(4) (emphasis added). By its plain language, the mere fact that injury occurred in West Virginia by an act or omission in Virginia is insufficient for personal injury; rather, the plaintiff must show that the defendant "regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in [West Virginia]." *Id.* "Although the place that the plaintiff feels the alleged injury is plainly relevant to the inquiry, it must ultimately be accompanied by the defendant's own contacts with the state if jurisdiction over the defendant is to be upheld." *ESAB Grp., Inc. v. Centricut, Inc.*, 126 F.3d 617, 626 (4th Cir. 1997).

The Fourth Circuit has recognized a variety of nonexclusive factors in determining whether a defendant has purposefully availed himself of the privilege of conducting business under the laws of the forum state. *See Consulting Eng'rs. Corp. v. Geometric Ltd.*, 561 F.3d 273, 278 (4th Cir. 2009). The record does not show that the defendant is a licensed optometrist in West Virginia, that the defendant maintains offices or agents in West Virginia, that the defendant owns property in West Virginia, that the defendant deliberately engaged in significant or long-term business activities in West Virginia, that the parties contractually agreed that West Virginia law would govern disputes, or that the defendant made any in-person contact with the decedent or Plaintiff in West Virginia regarding the business relationship. *See id.*

Finally, the defendant has not "reached into the forum state to solicit or initiate business." *Id.* The plaintiff alleges that the defendant solicits business in West Virginia because he and George Gillespie, O.D. are both listed in the local phone book. However, merely being listed in a phone book is not soliciting for purposes of personal jurisdiction. *See Boyd v. Green*, 496 F.

Supp. 2d 691, 712-13 (W.D. Va. 2007). The allegation that the office sees and accepts patients who are residents of West Virginia also fails to establish personal jurisdiction. The mere residence of the defendant's patients does not provide for personal jurisdiction; rather, it is the defendant who must solicit or do business in West Virginia. *See id.* at 702. Finally, the letter, billing, and prescription in this case do not arise to the level of minimum contacts that is required for personal jurisdiction. *See Boyd*, 496 F. Supp. 2d at 701 (rejecting similar arguments as those made in the instant case).

Nor has the plaintiff shown that this Court has general personal jurisdiction over the defendant. For a court to exercise general jurisdiction "over a defendant in an action which does not arise out of a defendant's contact with the forum, . . . the defendant's contacts with the forum must be 'continuous and systematic' in order to satisfy the due process clause." *Fed. Ins. Co. v. Lake Shore, Inc.*, 886 F.2d 654, 660 (4th Cir. 1989) (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984)). Here, the plaintiff makes no claims that the defendant's contacts with West Virginia are continuous or systematic. The plaintiff admits that the defendant was not licensed to practice optometry in West Virginia,[2] and does not allege that the defendant has ever practiced optometry in this state. Thus, this Court does not have either general or specific personal jurisdiction over the defendant.

**III. Conclusion**

Because the Court does not have personal jurisdiction over the defendant, the Court **GRANTS** the defendant's Motion to Dismiss and Strike Complaint [Docket 4]. The Court

[2] The Complaint in the Circuit Court originally alleged that the defendant was "an Optometrist licensed to practice Optometry in the State of West Virginia." [Docket 1-1, at 7.] However, this was disputed by the defendant in his Memorandum in Support of his Motion to Dismiss and Motion to Strike [Docket 7, at 1], and the plaintiff admits that the defendant was not licensed to practice optometry in West Virginia in his response. [Docket 8-1, at 1.]

**ORDERS** that this case be **DISMISSED** and **STRICKEN** from the docket.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: August 24, 2012

Joseph R. Goodwin, Chief Judge